UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNIVERSITY OF WASHINGTON MEDICAL CENTER, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> ROBERT F. KENNEDY, JR., <br><br> Defendant. | CASE NO. 2:23-cv-01985-RSL <br><br><br> ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on "Defendant's Motion to Dismiss Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction." Dkt. 29. Plaintiffs are two hospitals in the Seattle area that provide inpatient services to Medicare beneficiaries. They seek judicial review of agency action under the Medicare Act and the Administrative Procedures Act (APA), arguing, *inter alia*, that the agency's denial of a request for expedited judicial review and dismissal of plaintiffs' administrative appeal were arbitrary and capricious, an abuse of discretion, and otherwise contrary to law. Dkt. 1 at ¶¶ 50-52 (Count I). Plaintiffs request that the Court invalidate defendant's policies for calculating hospital-specific payment rate adjustments for Medicare patients and require prompt payment of any additional amounts due and owing for services provided in fiscal year 2007. Defendant seeks dismissal of the case for lack of subject matter jurisdiction, arguing that plaintiffs failed to exhaust their administrative remedies.

ORDER DENYING DEFENDANT'S MOTION TO
DISMISS - 1

Having reviewed the memoranda submitted by the parties,[1] the Complaint at Dkt. 1, and the administrative record at Dkt. 28, the Court finds as follows:

## BACKGROUND

When hospitals provide inpatient services to Medicare beneficiaries, the Medicare program pays those hospitals a fixed rate for treating each Medicare patient based on the patient's diagnosis. *See* 42 U.S.C. §§ 1395ww(d). Congress has also provided for various types of hospital-specific rate adjustments, including the "disproportionate share hospital" (DSH) adjustment, which offers additional funding to hospitals that treat a high percentage of low-income patients. *Advocate Christ Med. Ctr. v. Kennedy*, 605 U.S. 1, 6 (2025). At the end of each fiscal year, hospitals submit a cost report to a Medicare Administrative Contractor (MAC), which calculates the DSH payment for that year using a ratio published by the Centers for Medicare and Medicaid Services (CMS). Dkt. 28-1 at 16. If the hospital is dissatisfied with the calculation, it may appeal to the Provider Reimbursement Review Board (PRRB). The decision of the PRRB is final unless reversed, affirmed, or modified by the Secretary of the Department of Health and Human Services, and may be challenged in a civil action filed within 60 days of receipt of the decision. 42 U.S.C. § 1395oo(f)(1).

> Providers shall also have the right to obtain judicial review of any action of the MAC which involves a question of law or regulations relevant to the matters in controversy whenever the Board determines (on its own motion or at the request of a provider of services as described in the following sentence) that it is without authority to decide the question, by a civil action commenced within sixty days of the date on which notification of such determination is received. If a provider of services may obtain a hearing under subsection (a) and has filed a request for such a hearing, such provider may file a request for a determination by the Board of its authority to decide the question of law or regulations relevant to the matters in controversy (accompanied by such documents and materials as the Board shall require for purposes of rendering such determination). The Board shall render such determination in writing within thirty days after the Board receives the

---

[1] The Court has considered plaintiffs' overlength opposition.

ORDER DENYING DEFENDANT'S MOTION TO
DISMISS - 2

> request and such accompanying documents and materials, and the determination shall be considered a final decision and not subject to review by the Secretary. If the Board fails to render such determination within such period, the provider may bring a civil action (within sixty days of the end of such period) with respect to the matter in controversy contained in such request for a hearing.

*Id.* The expedited judicial review (EJR) pathway was added by Congress in 1980 to avoid the delays and inefficiencies that arose when a hospital's appeal challenged a Medicare regulation or rule, disputes which the PRRB is powerless to resolve because it must follow those regulations and rules. *Methodist Hosps. of Memphis v. Sullivan*, 799 F. Supp. 1219, 1213 (D.D.C. 1992), *rev'd on other grounds sub nom. Adm'rs of Tulane Educ. Fund v. Shalala*, 987 F.2d 790 (D.C. Cir. 1993).

In May 2016, the hospitals requested a determination as to whether the PRRB has authority to grant the relief requested in the appeal, namely a recalculation of the Supplemental Security Income (SSI) percentage using the same methodology for counting days for purposes of both the numerator and denominator. Dkt. 28-5 at 62. The hospitals argued that CMS's inconsistent methods of establishing eligibility were pursuant to official policy and practice, including a policy to use only three payment status codes (out of more than 100 payment codes) to indicate who was entitled to SSI benefits when calculating the numerator of the SSI ratio. Dkt. 28-5 at 66. The PRRB determined that plaintiffs' appeal of the 2007 DSH adjustment notice challenged calculations that were made in accordance with 42 C.F.R. § 412.106(b)(2)(i) and that it "lacks the authority to decide the legal question of whether the regulation violates the applicable statue [sic] and regulations." Dkt. 28-5 at 4. One of the issues the PRRB mentioned in its decision was the agency's use of only a small universe of SSI payment status codes to identify individuals who were entitled to SSI benefits, an argument that mirrors the claim brought in this lawsuit.[2]

---

[2] The other aspect of plaintiffs' complaint in this matter challenges defendant's interpretation of "entitled to receive SSI benefits" as including only those who are entitled to such benefits during the month in which they were

ORDER DENYING DEFENDANT'S MOTION TO
DISMISS - 3

With an EJR in hand, plaintiffs filed suit in this district. *Univ. of Wash. v. Price*, No. 2:16-cv-01587-RSL, Dkt. 1 (W.D. Wash. Oct. 10, 2016). The Secretary filed a motion to dismiss, however, noting that the PRRB had specifically determined only that it lacked authority to decide whether 42 C.F.R. § 412.106(b)(2)(i) is valid. Because that regulation (a) had been vacated and (b) does not involve entitlement to SSI benefits for purposes of 42 U.S.C. § 1395ww(d)(5)(F)(vi)(I), the Secretary argued that the Court could not grant the hospitals any of the relief sought and must dismiss the complaint for lack of subject matter jurisdiction. No. 2:16-cv-01587-RSL, Dkt. 9 at 8-9. While the hospitals disagreed with the Secretary's conclusions, the parties agreed to remand the case to the PRRB for clarification regarding the issues covered by the grant of EJR. No. 2:16-cv-01587-RSL, Dkt. 14.

Following remand, plaintiffs filed another request for EJR specifically enumerating the issues on which they wanted a determination regarding the PRRB's authority, including the issue of "whether the Board has the authority to invalidate CMS's . . . policy of including only three SSI status codes that represent actual receipt of SSI payments as days entitled to SSI benefits." Dkt. 28-3 at 261. The request for an EJR was denied without substantive discussion. Dkt. 28-3 at 256. Plaintiffs requested clarification and, on July 11, 2018, the PRRB stated that, with regards to the issue of who was entitled to SSI benefits, the only regulation cited by the providers was published in August 2010 and post-dated the DSH adjustment calculations that were being challenged in this case. The PRRB concluded that it was not, therefore, bound by the regulation in the context of this appeal, denied the EJR request, and set the matter for hearing. Dkt. 28-3 at 249. The PRRB also dismissed the hospitals' claim regarding entitlement to benefits under Medicare Part A as duplicative of an earlier PRRB appeal, Case No. 09-0271GC, which was transferred to

---

hospitalized. This challenge has been rejected by the Supreme Court and cannot serve as the basis for relief in this litigation. *Advocate Christ Med. Ctr.*, 145 S. Ct. at 1270.

ORDER DENYING DEFENDANT'S MOTION TO
DISMISS - 4

Case No. 15-0560GC. In December 2018, the scheduled appeal hearing was cancelled with a promise that the PRRB would send a request for further development of the record regarding jurisdiction and reconsideration of the EJR on remand. Dkt. 28-2 at 1.

Plaintiffs did not receive a request for further development[3] and, in September 2023, renewed their request for EJR. The renewed request summarized the procedural history of the case and the arguments made, but the discussion focused on showing that the PRRB had mistakenly assumed that the use of only three payment status codes when calculating the numerator of the SSI fraction took effect in August 2010 when, in fact, it had been the practice for years, including the year at issue in the appeal. Dkt. 28-1 at 121-22. The request for EJR was denied, and the appeal was dismissed as duplicative.

In making its ruling, the PRRB noted three times that the renewed request was "*very short*" and evaluated the two challenges for which EJR was requested "*as the Board understands them based on the 4 corners of the very short 3-page EJR request*." Dkt. 28-1 at 9-10 (emphasis in original). The requests for EJR were denied because plaintiffs failed to identify the source of the challenged policies, a critical defect given that the source would determine the PRRB's authority to ignore or invalidate the challenged policies. Dkt. 28-1 at 11 and 19. The PRRB found that plaintiffs' first challenge to defendant's policy of including only paid SSI days in the numerator of the Medicare fraction had already been dismissed as duplicative of Case No. 15-0560GC. Dkt. 28-1 at 12-13. The second challenge to defendant's policy of including only three SSI payment status codes when calculating the numerator was dismissed on alternative grounds. If the challenge were based on the assertion that status codes reflecting eligibility but not actual payment should be included in the calculation, it "is simply Challenge #1 expressed using SSI codes." Dkt. 28-1 at 20. Since Challenge #1 was dismissed as duplicative of Case No. 15-0560GC, the

---

[3] The PRRB apparently sought information regarding the overlap of appeals and claims in Case No. 15-0560GC, but not in this case. Dkt. 28-1 at 12-13.

ORDER DENYING DEFENDANT'S MOTION TO
DISMISS - 5

same result applies to Challenge #2. If, however, the second challenge were based on the assertion that there are other payment status codes that reflect "paid" days (and not just eligibility), that claim would raise a data matching issue that was subject to a mandatory remand under CMS Ruling 1498-R and had, in fact, already been appealed and remanded in Case No. 09-1763GC. Both challenges were dismissed as duplicative of "litigation . . . filed on May 27, 2022 in relation to Case No. 15-0560GC," and the EJR request was (again) denied on that ground. Dkt. 28-1 at 22.

       The hospitals filed a motion for reinstatement of the appeal and reconsideration of the EJR denial. They explained the relationship between the two challenges, making clear that Challenge #2 would need to be addressed only if a court rejected the hospitals' argument that both "paid" and "unpaid" SSI days should be included in the numerator of the Medicare/SSI fraction. In those circumstances, the court would have to determine whether CMS lawfully limited "paid" SSI days to only three payment status codes, ignoring the many codes that reflected entitlement to payment in the month of hospitalization but an inability to get the payment to the beneficiary for one reason or another. Dkt. 1 at 156-57. The hospitals reiterated that Challenge #2 is not a data matching challenge addressed by CMS Ruling 1498-R, but rather a challenge to CMS' policy choices. Dkt. 1 at 157. And, as they had done in the September 2023 request for an EJR determination, they identified case law, Federal Register notices, and public comments showing that the three-code policy pre-dated the DSH adjustment calculations at issue in this appeal. Dkt. 1 at 158-59; Dkt. 28-1 at 122. Plaintiffs also offered 2003 testimony of a Social Security Administration witness confirming that defendant had been relying on the same three codes to reflect "entitlement to SSI benefits" since at least fiscal years 1993-1996. Dkt. 1 at 158. Finally, plaintiffs repeated their argument that a policy equating "paid" days with only three status codes deprives plaintiffs and their patients of equal protection under the law in violation of the U.S. Constitution, a claim which the PRRB

lacks the power to hear. Dkt. 1 at 159; Dkt. 28-1 at 122. Plaintiffs represent, and defendant does not contest, that on December 20, 2023, four days before the deadline for seeking judicial review, the PRRB denied the renewed EJR request because the appeal had been dismissed and promised to address the motion for reinstatement under separate cover. Dkt. 30 at 21. As of August 2025, no ruling on the reinstatement request had been made.

## DISCUSSION

The PRRB denied plaintiffs' renewed request for EJR because plaintiffs failed to provide a "fully developed narrative that: . . . [i]dentifies the controlling law, regulation, Federal Register notice, or CMS ruling that is being challenged," as required by PRRB Rule 42.3. It also dismissed both issues raised in the appeal as duplicative of issues raised and resolved in Case No. 15-0560GC (or possibly Case No. 09-1763GC). The PRRB then concluded in the alternative that denial of the EJR was appropriate because the appeal was subject to dismissal, a decision that was apparently reiterated in its December 20, 2023, correspondence. The issue raised by defendant's motion to dismiss is whether this Court has jurisdiction to review those decisions.

Pursuant to 42 U.S.C. § 1395oo(f)(1), plaintiffs have a right to obtain judicial review of any final decision of the PRRB. Defendant does not dispute that the October 25, 2023, letter, either standing alone or as modified by the December 20, 2023, letter, is a final decision. Rather, defendant asserts that the Court is powerless to provide the relief plaintiffs request and therefore lacks subject matter jurisdiction.

Defendant first argues that the Court lacks the power to review the PRRB's final order under the APA because plaintiffs did not specifically request that the final decision be set aside or that the matter be remanded for further proceedings. Plaintiffs have adequately alleged that the agency's refusal to grant expedited judicial review and dismissal of the administrative appeal was arbitrary and capricious, an abuse of discretion, and otherwise contrary to law. Dkt. 1 at ¶ 52. To the extent plaintiffs have failed to specify

ORDER DENYING DEFENDANT'S MOTION TO
DISMISS - 7

that they are seeking vacatur of those decisions under the APA, the Court hereby grants leave to amend the Complaint to state the relief requested under Count I.

Defendant next argues that, even if the Court were to allow plaintiffs to amend and ultimately agreed that the PRRB acted arbitrarily or otherwise abused its discretion in denying the EJR request and/or dismissing the appeal, it cannot reach the substance of plaintiffs' claims because the PRRB did not issue a substantive decision.

> "[S]tatutorily created exhaustion requirements ... may be defeated by compelling reasons for failure to exhaust." *Maronyan v. Toyota Motor Sales, U.S.A., Inc.*, 658 F.3d 1038, 1040 (9th Cir. 2011). For example, the Supreme Court has recognized that "administrative remedies need not be pursued if the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further." *McCarthy v. Madigan*, 503 U.S. 140, 146 (1992). There are "'at least three broad sets of circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion:'" (1) "where a party could 'suffer irreparable harm if unable to secure immediate judicial consideration'"; (2) "where the administrative agency is not empowered 'to grant effective relief'"; and (3) "'where the administrative body is shown to be biased or has otherwise predetermined the issue before it.'" *United States v. Connell*, [613 F.Supp.3d 1227, 1233 (N.D. Cal. 2020)] (quoting *McCarthy*, 503 U.S. at 146-148). By contrast, exhaustion should not be excused "when the agency proceedings allow the agency to apply its 'special expertise' and when bypassing the administrative process could weaken an agency's effectiveness by encouraging disregard of its procedures." *Kirk v. Office of Navajo and Hopi Indian Relocation*, 367 F.Supp.3d 1028, 1037 (D. Ariz. 2019) (quoting *McCarthy*, 503 U.S. at 145).

*Brown v. Haaland*, 604 F. Supp. 3d 1059, 1087–88 (D. Nev. 2022). *See also Smith v. Berryhill*, 587 U.S. 471, 488 and n.21 (2019) (noting that while "[f]undamental principles of administrative law . . . teach that a federal court generally goes astray if it decides a question that has been delegated to an agency if that agency has not first had a chance to address the question," remand is not necessary where it "would serve no meaningful

purpose"); *Porter v. Bd. of Trs. of Manhattan Beach Unified Sch. Dist.*, 307 F.3d 1064, 1073–74 (9th Cir. 2002) (noting that further exhaustion may be excused where the challenge is to a facially invalid policy and the administrative body has refused to alter the policy or where all factual issues are resolved, "leaving only issues for which there is no adequate administrative remedy").

In the circumstances presented here, it is at least arguable that the administrative body has already "predetermined the issue before it" and/or is incapable of invalidating or ignoring defendant's policy of including only three payment status codes in the numerator. *Porter*, 307 F.3d at 1074 (quoting *McCarthy*, 503 U.S. at 148).[4] If the Court were to determine that the PRRB lacked the authority to disregard or change the status code selection for fiscal year 2007 and that dismissal of the payment status code challenge as duplicative was arbitrary and capricious, a remand would serve no meaningful purpose since an administrative remedy is not available. Defendant's motion to dismiss does not address the merits of the EJR and dismissal determinations. Because the Court has jurisdiction to review these final agency actions, the motion to dismiss is DENIED.

DATED this 14th day of November, 2025.

Robert S. Lasnik
United States District Judge

---

[4] *Anaheim Memorial Hospital v. Shalala*, 130 F.3d 845 (9th Cir. 1997), is a straightforward application of the general rule that agencies, with their subject-area expertise and ability to adopt uniform and coherent interpretations of the governing laws and regulations, should be given the first chance to address a question within their authority. Where the question falls outside the agency's authority, however, further administrative action would be neither efficient nor effective.